Daniel F. Fein (Massachusetts BBO # 641455)
Catherine A. Terrell (Ohio Bar # 86542)
National Labor Relations Board,
Region 1  10 Causeway Street,
6th Floor
Boston, Massachusetts 02222-1072
(857) 317-7807
(857) 317-7794
*Attorneys for Petitioner*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**
-------------------------------------------------------------------X
**Paul J. Murphy, Acting Regional**
**Director, Region 01, National Labor**
**Relations Board, for and on Behalf of**
**the NATIONAL**
**LABOR RELATIONS BOARD**

|                          | |
|--------------------------|----------------|
| **Petitioner**           | **CIVIL NO.:** |

**vs.**

**NSL Country Gardens, LLC**

**Respondent**
-------------------------------------------------------------------X

### PETITION FOR TEMPORARY INJUNCTION UNDER
### SECTION 10(j) OF THE NATIONAL LABOR RELATIONS ACT

Comes now Paul J. Murphy, Acting Regional Director (the Director) for

Region 01 of the National Labor Relations Board (the Board), and petitions this

Court for and on behalf of the Board, pursuant to Section 10(j) of the National

Labor Relations Act, as amended (the Act) (61 Stat. 149; 29 U.S.C. § 160(j)), for

appropriate injunctive relief pending the final disposition of the matters involved

herein pending before the Board on the Second Order Further Consolidating

Cases, Consolidated Complaint and Notice of Hearing of the General Counsel of the

Board in  Case Nos. 01-CA-223397, 01-CA-223565, and 01-CA-224038, alleging that

NSL Country Gardens, LLC  (Respondent) has engaged in and is engaging in

unfair labor practices in violation of Sections 8(a)(1), (3), and (5) of the Act.

On  December 11, 12, and 13, 2018,  an  administrative  hearing took  place

before Administrative Law Judge Geoffrey Carter (ALJ Carter) in the above-

described  cases.  The administrative hearing has not concluded and is

scheduled to resume on February 4, 2019.  In  support of this Petition, Petitioner has

filed an Appendix of Attached Documents, which  includes various official Board

documents, pleadings, and exhibits from the underlying administrative hearing.

Further, in support of the Petition, Petitioner respectfully shows as follows:

1.      Petitioner is the Director of Region 01 of the Board, an agency of  the

United States Government, and files this petition for and on behalf of the Board.

2.      Jurisdiction of this Court is invoked pursuant to Section 10(j) of the Act.

**BACKGROUND**

3.      On July 9, 2018, New England Healthcare Employees Union Local 1199

(the Union) filed a charge in Case 01-CA-223397, which was amended on July 26,

2018.  On July 12, 2018, the Union filed a charge in Case 01-CA-223565, which was

amended on October 30, 2018.  On July 19, 2018, the Union filed a charge in Case

01-CA-224038, which was amended on October 30, 2018.  Together,  the  charges

allege that  Respondent  has  engaged  in,  and  is  engaging  in,  unfair labor practices

within the meaning of Sections  8(a)(1), (3), and (5) of  the Act.  Copies of the

charges, amended charges, and affidavits of service are  attached hereto as GC 1(e)-

(p).[1]

4.      (a) The aforesaid charges were referred to the Director of Region 01 of the Board.  Following an investigation of the allegations, in which Respondent was given the opportunity to present evidence and legal argument, the Director, on behalf of the Board's General Counsel, pursuant to Section 10(b) of the Act, issued an Order Consolidating Cases, Consolidated Complaint, and Notice of Hearing (the Consolidated Complaint) on September 25, 2018, alleging that Respondent engaged in, and is engaging in, unfair labor practices as charged within the meaning of Sections 8(a)(1) and (5) of the Act.  On November 21, 2018, a Second Order Further Consolidating Cases, Consolidated Complaint and Notice of Hearing (the Further Consolidated Complaint) issued alleging that Respondent engaged in, and is engaging in, unfair labor practices as charged within the meaning of Sections 8(a)(1), (3), and (5) of the Act. The Consolidated Complaint, the Further Consolidated Complaint, and their corresponding affidavits of service are attached hereto as GC 1(aa), GC 1(bb), GC 1(dd), and GC 1(ee).

(b)      Respondent, by its Counsel, filed its Answers to the Consolidated Complaint and the Further Consolidated Complaint on October 8, 2018 and December 4, 2018, respectively.  Copies of the Answers are attached hereto as GC 1(cc) and GC 1(ff).

(c)      Pursuant to the Further Consolidated Complaint, an administrative hearing commenced on December 11, 2018, and continued on the record on December 12 and 13, 2018, at which time the hearing was adjourned until

---

[1] The attached exhibits are marked for identification as they were received in evidence in the underlying administrative hearing.

February 4, 2019.

**REASONABLE CAUSE TO BELIEVE THAT RESPONDENT VIOLATED THE ACT**

5.      Based upon the evidence adduced during the investigation of the unfair labor practice charges described above in paragraph 3 and evidence admitted into the administrative record in the hearing described above in subparagraph 4(c), Petitioner has reasonable cause to believe that the allegations contained in Consolidated Complaint and the Further Consolidated Complaint are true, and that Respondent has engaged in, and is engaging in, unfair labor practices within the meaning of Sections 8(a)(1), (3) and (5) of the Act, affecting commerce within the meaning of Sections 2(6) and (7) of the Act, for which a remedy will be ordered by the Board.  In addition, Petitioner has reasonable cause to believe that the efficacy of the Board's order for such remedy will be nullified without the injunctive relief sought herein. Petitioner asserts that there is substantial likelihood of success in prevailing in the underlying administrative proceedings in Case Nos. 01-CA-223397, 01-CA-223565, and 01-CA-224038, and establishing that Respondent has engaged in, and is engaging in, unfair labor practices in violation of Sections 8(a)(1), (3) and (5) of the Act. In support thereof, and in support of the request for temporary injunctive relief, Petitioner, upon information and belief, shows as follows:

(a)      Respondent admits that, at all material times, it has been a Delaware corporation with its principal place of business in Swansea, Massachusetts (the Swansea facility), and has been engaged in the business of operating a residential healthcare facility.  GC 1(cc), ¶ 2; GC 1(ff), ¶ 2.

(b)     Respondent admits that, annually, in conducting its operations

described above in subparagraph 5(a), it receives gross revenues in excess of

$100,000 and purchases and receives at its Swansea facility goods valued in

excess of $5,000 directly from points outside the Commonwealth of Massachusetts.

GC 1(cc), ¶ 3(a) and (b); GC 1(ff), ¶ 3(a) and (b).

(c)     Respondent admits that, at all material times, it has been an

employer engaged in commerce within the meaning of Sections 2(2), (6), and (7) of

the Act. GC 1(cc), ¶ 4; GC 1(ff), ¶ 4;

(d)     Respondent admits that, at all material times, the Union has been a

labor organization within the meaning of Section 2(5) of the Act.  JX 11, ¶ 2.

(e)     Respondent admits that, at all material times, the following individuals

held the positions set forth opposite their respective names and have been

supervisors of Respondent within the meaning of Section 2(11) of the Act and

agents of Respondent within the meaning of Section 2(13) of the Act:

> Jamie Belezarian        --        Facility Administrator
>
> Joe Veno                 --        Regional VP of Operations

GC 1(cc), ¶ 6; GC 1(ff), ¶ 6.

(f)     The following employees of Respondent (Unit A) constitute a unit

appropriate for the purposes of collective bargaining within the meaning of Section

9(b) of the Act:

> All full-time and regular part-time Registered Nurses; excluding all other
> Employees, Director of Nursing, Supervisor of Nursing, Assistant
> Supervisors of Nursing, Food Service Supervisor, First Cook, Maintenance
> Supervisor, Housekeeping/Laundry Working Supervisor, Social Worker,
> other Professional Employees, Managerial Employees, Temporary
> Employees, Guards and Supervisors as defined in the Act.

GC 1(aa), ¶ 8(a); GC 1(dd), ¶ 15(a).

(g)     The following employees of Respondent (Unit B) constitute a unit appropriate for the purposes of collective bargaining within the meaning of Section 9(b) of the Act:

> All full-time and regular part-time Licensed Practical Nurses, Nurses' Aides, Orderlies, Technical Employees, Kitchen Employees, Housekeeping Employees, Maintenance Employees, and Laundry Employees; excluding all other Employees, Registered Nurses, Director of Nursing, Supervisor of Nursing, Assistant Supervisors of Nursing, Food Service Supervisor, First Cook, Maintenance Supervisor, Housekeeping/Laundry Working Supervisor, Social Worker, Professional Employees, Managerial Employees, Temporary Employees, Guards and Supervisors as defined in the Act.

GC 1(aa), ¶ 8(b); GC 1(dd), ¶ 15(b).

(h)     On July 3, 2016, Respondent recognized the Union as the exclusive collective bargaining representative of Unit A and Unit B.  GC 1(cc), ¶ 9; GC 1(ff), ¶ 16.

(i)     Respondent's recognition of the Union as the exclusive collective-bargaining representative of Unit A and Unit B, as described above in subparagraphs 5(f) and 5(g), was embodied in collective-bargaining agreements effective from November 1, 2016 through October 31, 2018.  JX 1 and JX 2.

(j)     At all material times, based on Section 9(a) of the Act, the Union has been the exclusive collective-bargaining representative of Unit A and Unit B. GC 1(aa), ¶ 10; GC 1(dd), ¶ 17.

(k)     Respondent admits that on July 6, 2018, it withdrew recognition of the Union as the exclusive collective-bargaining representative of Unit A and Unit B.  GC 1(cc), ¶ 14; GC 1(ff).

(l)     Respondent admits that about July 9, 2018, it suspended employee

Stephanie Sullivan, and Respondent admits that about July 11, 2018, Respondent discharged Sullivan.  GC 1(ff), ¶ 11.

(m)    Respondent admits that about July 16, 2018, it suspended employee Karen Hirst, and Respondent admits that about July 19, 2018, Respondent discharged Hirst.  GC 1(ff), ¶ 12.

(n)    Respondent engaged in the conduct described above in subparagraphs 5(l) and 5(m) because Respondent's employees formed, joined and assisted the Union and engaged in concerted activities, and to discourage employees from engaging in these  activities.

(o)    Since about July 6, 2018, Respondent has failed and refused to recognize and bargain with the Union as the exclusive collective-bargaining representative of Unit A and Unit B.

(p)    By the conduct described above in subparagraphs 5(l) and 5(m), Respondent has  been discriminating  in regard to the hire or tenure or terms and conditions of employment of its employees, thereby discouraging membership in a labor  organization in violation of Sections 8(a)(1) and (3) of the Act.

(q)    By the conduct described above in subparagraphs 5(k) and 5(o), Respondent has been failing and refusing to bargain collectively and in  good faith with the  exclusive collective-bargaining representative of its employees in violation of Sections 8(a)(1) and (5) of the Act.

(r)    The serious and substantial unfair labor practice conduct described above  in  subparagraphs 5(k), 5(l), 5(m) and 5(o) is such that there is only a  slight possibility that traditional remedies would erase their effects. Therefore,  the issuance of an interim bargaining order and an order providing for the interim

reinstatement of Sullivan and Hirst is necessary both to restore the status quo ante, and to prevent Respondent's conduct from further undermining employee support for the Union.

(s)     The allegations described above in subparagraphs 5(k), 5(l), 5(m) and 5(o) requesting the issuance of a bargaining order and interim reinstatement of Sullivan and Hirst are supported by, among other things, the fact that:

   (i)  at all relevant times, there were approximately 46 employees in Unit A and six employees in Unit B;

   (ii)  the conduct described above in subparagraph 5(j) was directed at all of the employees in Unit A and Unit B; and

   (iii) interim reinstatement of Sullivan and Hirst will mitigate the chilling effect on employees in the exercise of their Section 7 rights and avoid disaffection by sending an affirmative signal that the Union, the Board, and the courts will timely protect employees if they face retaliation for supporting the Union.

(t)     The unfair labor practices of Respondent described above affect commerce within the meaning of Sections 2(6) and 2(7) of the Act.

## IRREPARABLE HARM CAUSED BY RESPONDENT'S VIOLATIONS OF THE ACT

6.     Respondent's unfair labor practices, described above in paragraph 5, have irreparably harmed, and are continuing to harm, Respondent's employees in the exercise of rights guaranteed them by Section 7 of the Act (29 U.S.C. § 157). More specifically, Respondent's unfair labor practices have caused the following harm:

(a)     Unit employees have been deprived of and remain without the benefits of representation by the Union, the employees' freely chosen collective bargaining representative.

(b)     Unit employees have suffered the loss of the Union's ability to

bargain effectively on their behalf, including over their terms and conditions of employment.

(c)     Respondent's suspensions and subsequent terminations of Sullivan and Hirst have deprived employees of the benefit of long-time, active, and dedicated Union delegates who can help ensure employees that their contractual rights and protections are not undermined.

7.     Upon information and belief, unless injunctive relief is immediately obtained, it can fairly be anticipated that employees will permanently and irreversibly lose the benefits of the Board's processes and the exercise of statutory rights, a harm that cannot be remedied in due course by the Board.

8.     There is no adequate remedy at law for the irreparable harm caused by Respondent's unfair labor practices, described above in paragraph 5.

9.     Granting the temporary injunctive relief is just and proper to prevent irreparable harm and/or to preserve the status quo existing prior to the commission of unfair labor practices.

10.     Upon information and belief, it may fairly be anticipated that unless Respondent's conduct of the unfair labor practices described in paragraph 5 above is immediately enjoined and restrained, Respondent will continue to engage in those acts and conduct, or similar acts and conduct constituting unfair labor practices, during the proceedings before the Board and during any subsequent proceedings before a United States Court of Appeals, with the predictable result of continued interference with the rights of employees; that employees will be deprived of their Section 7 rights under the Act to, inter alia, form, join, or assist a labor organization or to refrain from any and all such activities, and to engage in

concerted activities; that employees will be denied their  statutory right to freely

express their choice as to representation or to be represented for  collective

bargaining purposes by the Union; and that the Union will be unable to ever

successfully function as an  effective collective bargaining representative of the

bargaining unit  employees, all  to  the  detriment  of  the  Act's policies, the  public

interest, the interest of the employees involved, and the interest of the Union.

## PRAYER FOR RELIEF

11.    Upon information and belief, to avoid the serious consequences set

forth  above, it is essential, just, proper, and appropriate for the purposes of

effectuating the  Act's policies and the public interest, and avoiding substantial and

immediate injury  to  such public interest, and in accordance  with  the

purposes of  Section  10(j) of the Act that, pending final disposition of the matters

presently before the  Board, Respondent be  enjoined  and  restrained from  the

commission of the acts and  conduct alleged above, similar acts and conduct or

repetitions thereof, and be ordered  to take the affirmative action set forth below:

**WHEREFORE** Petitioner prays that an order issue in the following form:

**IT IS HEREBY ORDERED** that, pending the final disposition of the matters

here  involved pending before the Board, Respondent, its officers, representatives,

agents,  servants,  employees,  attorneys,  successors  and  assigns,  and  all

persons  acting  in  concert or participation with it or them, are enjoined and

restrained from:

(a) withdrawing recognition from the Union; failing or refusing to recognize the

Union as the exclusive collective-bargaining representative of its unit employees in

Swansea, Massachusetts, and upon request of the Union, failing or refusing to bargain in good faith over the wages, hours, and other terms or conditions of employment of unit employees;

(b) soliciting, encouraging, promoting, or providing assistance in initiating, signing, or filing an employee petition seeking to decertify the Union;

(c)  surveilling employees to prevent them from engaging in Union and other concerted activity;

(d) suspending and discharging employees because of their Union activity; and

(e) in any like or related manner interfering with, restraining, or coercing its employees in the exercise of the rights guaranteed them under Section 7 of the Act.

**IT IS FURTHER ORDERED** that Respondent take the following affirmative actions:

(a) recognize and, upon request, bargain in good faith with the Union as the exclusive collective bargaining representative of the employees in Unit A and Unit B, as those units are described in the parties' most recent collective-bargaining agreements;

(b) offer Sullivan and Hirst interim reinstatement to their former positions; or, if those positions no longer exist, to substantially equivalent positions without prejudice to their seniority or any other rights and privileges previously enjoyed, displacing, if necessary, any employee who may have been hired or reassigned to replace them;

(c) post copies of the District Court's opinion and order at the Respondent's Swansea, Massachusetts facility where notices to employees are customarily posted; said posting shall be maintained during the pendency of the Board's administrative proceedings free from all obstructions and defacements; all unit employees shall have

free and unrestricted access to said postings; and

(d) within twenty (20) days of the issuance of the District Court's Order, file with the Court, with a copy submitted to the Director of Region 01 of the Board, a sworn affidavit from a responsible Employer official, setting forth with specificity the manner in which Respondent has complied with the terms of this decree, including how it has posted the documents required by this order.

Dated at Boston, Massachusetts,
January 22, 2019

Respectfully submitted,

/s/ Daniel F. Fein
/s/ Catherine A. Terrell

Daniel F. Fein
Catherine A. Terrell
National Labor Relations Board
Region 01
10 Causeway Street, 6th Floor
Boston, Massachusetts 02222
(857) 317-7807
(857) 317-7794
*Attorneys for Petitioner*

**Appendix of Attachments to Petition**

- General Counsel Exhibits GC 1(e)-(p) and 1(aa)-(ff)
- Joint Exhibits JX 1, 2, 11

## CERTIFICATE OF SERVICE

I hereby certify that Petitioner's *Petition for Temporary Injunction Under Section 10(j) of the National Labor Relations Act* and the attachments set forth in the *Appendix of Attachments to Petition* were served electronically on the following parties:

> Thomas J. Posey, Esq.
> ReedSmith LLP
> 10 South Wacker Drive
> 40th Floor
> Chicago, IL 60606
> tposey@reedsmith.com
> Counsel for Respondent
> NSL Country Gardens, LLC
>
> Kevin Creane, Esq.
> Law Firm of John M. Creane
> 92 Cherry Street
> Milford, CT 06460
> kcreane@aol.com
> Counsel for New England Healthcare
> Employees Union 1199

Dated at Boston, Massachusetts,
January 22, 2019

> Respectfully submitted,
>
> /s/ Daniel F. Fein
> Daniel F. Fein
> National Labor Relations Board
> Region 01
> 10 Causeway Street, 6th Floor
> Boston, Massachusetts 02222
> (857) 317-7807
> *Attorney for Petitioner*