UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 19-cv-10145-RGS

PAUL J. MURPHY, Acting Regional Director,
Region 01, National Labor Relations Board, for and on
Behalf of the NATIONAL LABOR RELATIONS BOARD

v.

NSL COUNTRY GARDENS, LLC

SUPPLEMENTAL ORDER ON
PETITION FOR TEMPORARY INJUNCTION
UNDER SECTION 10(j) OF NATIONAL LABOR RELATIONS ACT

May 16, 2019

STEARNS, D. J.

The National Labor Relations Board (NLRB or Board) petitioned the court for a preliminary injunction pursuant to section 10(j) (29 U.S.C. § 160(j)) of the National Labor Relations Act (NLRA) to compel Respondent NSL Country Gardens, LLC (NSL), pending the NLRB's final disposition of NSL's matter before it, to negotiate in good faith a collective bargaining agreement (CBA) and to reinstate two members of the New England Healthcare Employees Union 1199, who also served as Union delegates. In granting the motion, the court asked the NLRB to submit a draft injunction Order. The court adopts the following portions of its proposed form of Order.

IT IS HEREBY ORDERED that, pending the Board's final disposition of this matter, Respondent NSL, its officers, representatives, agents, servants, employees, attorneys, successors, and assigns, and all persons acting in concert or participation with it or them are enjoined and restrained from:

(a) Withdrawing recognition from the Union in the professional unit and the nonprofessional unit, as those units are described in the parties' most recent collective-bargaining agreements (the Units)[1]; failing or refusing to

---

[1] NSL recognized the Union as the exclusive collective bargaining agent for the following two groups of employees, referred to as Unit A and Unit B. Unit A consisted of

[a]ll full-time and regular part-time Registered Nurses; excluding all other Employees, Director of Nursing, Supervisor of Nursing, Assistant Supervisors of Nursing, Food Service Supervisor, First Cook, Maintenance Supervisor, Housekeeping/Laundry Working Supervisor, Social Worker, other Professional Employees, Managerial Employees, Temporary Employees, Guards and Supervisors as defined in the Act.

Unit B was comprised of

[a]ll full-time and regular part-time Licensed Practical Nurses, Nurses' Aides, Orderlies, Technical Employees, Kitchen Employees, Housekeeping Employees, Maintenance Employees, and Laundry Employees; excluding all other Employees, Registered Nurses, Director of Nursing, Supervisor of Nursing, Assistant Supervisors of Nursing, Food Service Supervisor, First Cook, Maintenance Supervisor, Housekeeping/Laundry Working Supervisor, Social Worker, Professional Employees, Managerial Employees, Temporary Employees, Guards and Supervisors as defined in the Act.

recognize the Union as the exclusive collective-bargaining representative of its employees in the Units, and upon request of the Union, failing or refusing to bargain in good faith over the wages, hours, and other terms or conditions of employment of the employees in the Units;

(b) soliciting or encouraging an employee petition seeking to decertify the Union;

(c) suspending and discharging employees because of their Union activity; and

(d) in any like or related manner interfering with, restraining or coercing its employees in the exercise of the rights guaranteed them under Section 7 of the Act.

IT IS FURTHER ORDERED that, pending the Board's final disposition of this matter, Respondent, its officers, representatives, agents, servants, employees, attorneys, successors, and assigns, and all persons acting in concert or participation with it or them, shall be required to take the following affirmative actions:

(a) Within five (5) days of the issuance of this Order, recognize and, on request, bargain in good faith with the Union as the exclusive collective-bargaining representative of the employees in the Units concerning terms

and conditions of employment and, if an understanding is reached, embody that understanding in a signed agreement;

(b) Within five (5) days of the issuance of this Order, offer Stephanie Sullivan interim reinstatement to her former positions; or, if those positions no longer exist, to substantially equivalent positions without prejudice to their seniority or any other rights and privileges previously enjoyed, displacing, if necessary, any employee(s) who may have been hired or reassigned to replace them;

(c) Within fourteen (14) days of the issuance of this Order, post copies of the District Court's opinion and order at Respondent's Swansea, Massachusetts facility where notices to employees are customarily posted; said posting shall be maintained during the pendency of the Board's administrative proceedings free from all obstructions and defacements; all unit employees shall have free and unrestricted access to said postings; and

(d) Within twenty (20) days of the issuance of this Order, file with the Court, with a copy submitted to the Regional Director of Region 01 of the Board, a sworn affidavit from a responsible Respondent official, setting forth with specificity the manner in which Respondent has complied with the terms of this decree, including how it has posted the documents required by this Order.

SO ORDERED.

/s/ Richard G. Stearns_____
UNITED STATES DISTRICT JUDGE